**NOT FOR PUBLICATION**                                                       **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JULIAN ANANDARAJAH, | |
| Petitioner, | Civil Action No. 07-5372 (JLL) |
| v. | **OPINION** |
| EVELYN MCNAIR, et al., | |
| Respondents. | |

**LINARES**, District Judge.

Petitioner Julian Anandarajah is currently being detained by the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("BICE"), at the Elizabeth Detention Center in Elizabeth, New Jersey, pending his removal from the United States.

Petitioner, a native of Sri Lanka, entered the United States in March 2004. Petitioner was subsequently charged as inadmissible and subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Shortly thereafter, Petitioner applied for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). In February 2005, an Immigration Judge ("IJ") determined that Petitioner was subject to removal and denied his requested relief. In July 2006, the Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision, thereby dismissing Petitioner's appeal. Petitioner filed a petition for review of his

removal order before the Court of Appeals for the Third Circuit on July 26, 2006. Several months later, Petitioner filed a motion to stay his removal pending adjudication of his petition for review. By way of Order dated October 27, 2006, the Third Circuit granted Petitioner's motion to stay his removal, finding that Petitioner "has made a showing that substantial evidence does not support the adverse credibility determination, and he has also shown that a balancing of the stay factors merits a stay of removal pending appeal." (Pet., Ex. A).

On November 8, 2007, while his petition for review was still pending before the Third Circuit, Petitioner filed a petition with this Court asserting that: (1) he should be released from custody during the stay period (Petitioner claims that his continuing detention is unlawful because he does not pose a flight risk); and (2) his parole application did not receive the rigorous review required in this Circuit. The Government filed an Answer to the Petition on February 25, 2008, asserting that Petitioner's continued detention during the period of stay is "lawful and does not violate any constitutional rights that Petitioner may have." (Answer at 1).

By way of Opinion and Order dated December 19, 2007, the Third Circuit denied Petitioner's underlying petition for review. Petitioner has apparently filed a motion for an extension of time in which to file a petition for hearing. Petitioner's request was

2

granted on February 14, 2008.  Petitioner's petition for rehearing before the Third Circuit is scheduled to be filed no later than today – March 5, 2008.

## DISCUSSION

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  With this framework in mind, the Court turns now to Petitioner's arguments.

**B.   Analysis**

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

3

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). The Attorney General <u>must</u> detain aliens during this removal period. 8 U.S.C. § 1231(a)(2).

Section 1231(a)(6) permits continued detention under certain circumstances if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); <u>Clark v. Martinez</u>, 543 U.S. 371 (2005).

Although Petitioner attempts to challenge the lawfulness of his detention based on several different theories, the gravamen of Petitioner's argument is that "his prolonged detention is unauthorized by the statute pursuant to which he is detained . . . and far longer than the six-month presumptive constitutional limit on civil immigration detention." (Pet'r Mem. of Law at 2) (citing to <u>Zadvydas</u>, 533 U.S. 678).

4

However, Petitioner sought, and was granted, a stay of the removal order by the Third Circuit.  This stay remains in effect while Petitioner's underlying petition for review is pending in the Court of Appeals.  Thus, 8 U.S.C. § 1231(a)(1)(B)(ii) applies here, as Petitioner's removal order (a) is currently being reviewed by the Third Circuit, and (b) has been stayed pending the Court's review of same.  As a result, the presumptively reasonable six-month period has not yet begun to run. See 8 U.S.C. § 1231(a)(1)(B)(ii); see, e.g., Vasquez v. Immigration and Customs Enforcement, et al., 160 Fed. Appx. 199, 201 (3d Cir. 2005) (noting that petitioner's removal period had not begun to run where his removal order was in the process of being judicially reviewed, and the District Court ordered a stay of his removal pending adjudication of same); Wang v. Ashcroft, 320 F.3d 130, 145-47 (2d Cir. 2003)("where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order'"). Petitioner's challenge to his detention under Zadvydas is, therefore, premature.[1] See, e.g.,

---

[1] To the extent that the Court should consider Petitioner's related arguments that: (a) the sheer length of his prolonged detention violates his right to due process under the Fifth Amendment, and/or (b) his parole application was not given the appropriate review, the Court finds that Petitioner's continued detention does not violate due process and is not constitutionally impermissible at this juncture because he has been afforded an individualized custody review.  For instance, the administrative record shows that  Petitioner did receive an individualized custody review in January 2007, consisting of an

Vasquez, 160 Fed. Appx. at 201; Ahmed v. Chertoff, No. 06-3689, 2007 WL 1296657, at *5 (D.N.J. April 27, 2007). Accordingly, at this juncture, the Court concludes that Petitioner's detention is statutorily permissible under 8 U.S.C. § 1231(a)(1)(B)(ii), because his removal period has not yet commenced.

## CONCLUSION

For the reasons set forth above, this petition will be denied, without prejudice to allow Petitioner the opportunity to reassert

---

examination of petitioner's file and information that petitioner submitted to the BICE reviewing officials. See Pet., Ex. D ("Decision to Continue Detention").  A written Decision to Continue Detention, dated January 17, 2007, was sent to Petitioner, noting that Petitioner is considered to be a flight risk based upon an incident occurring several months prior, as well as several contradictions submitted by Petitioner and/or his counsel regarding his residence – both of which were discussed in detail therein.  Although Petitioner essentially urges this Court to review the January 2007 Decision to Continue Detention, this decision is not subject to judicial review. See 8 U.S.C. § 1226(e).  Additionally, it appears that another custody review is imminent.  See Decision to Continue Detention (January 17, 2007) (stating that "if necessary, another review of your custody status will be conducted one year from the date of this letter or 90 days after the stay of removal has been lifted."). Finally, there is no indication in the record that Petitioner's removal to Sri Lanka is not reasonably foreseeable if/when the stay is lifted, or that the underlying petition for review in this case is lagging in the courts.  The Third Circuit denied his underlying petition for review in December 2007.  A mandate was not issued because Petitioner filed a motion for an extension of time to file a petition for rehearing, which was subsequently granted.  Petitioner is now scheduled to submit his petition for rehearing before the Third Circuit no later than this month. Petitioner concedes that "[i]f Petitioner fails in his Petition for Review, then he can be removed at any time upon the issuance of the mandate." (Pet. at 12, n. 1). In light of the foregoing, the Court finds that Petitioner's continued detention does not violate due process and is not otherwise constitutionally impermissible at this point in time.

his claims regarding continued detention if the BICE does not provide adequate due process in the future. An appropriate Order accompanies this Opinion.

                                                    /s/ Jose L. Linares
                                                    **JOSE L. LINARES**
                                                    **United States District Judge**

Dated:    March 5, 2008